854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Arthur DRESCHER, a/k/a Tirtha, Defendant-Appellant.
 No. 88-5534.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 6, 1988.
July 27, 1988.
 
 Bruce M. Smith, Assistant United States Attorney, on brief for appellee.
 Mark A. Karl, on brief for appellant.
 Before CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Drescher appeals his conviction of maliciously damaging and destroying by means of fire a rental apartment building near Moundsville, West Virginia, in violation of 18 U.S.C. Sec. 844(i) (1982).[1] He claims that the district court lacked jurisdiction of the subject of the arson because the building burned was not used in interstate commerce or in any activity affecting interstate commerce. He also claims that the district court should have disqualified the entire United States Attorney's office for the Northern District of West Virginia, because one of the assistant United States Attorneys in that office, while acting as a state public defender, had represented the appellant in connection with a murder indictment. We find no merit to either exception, and we affirm.
 
 
 2
 Assistant United States Attorney Robert McWilliams represented Drescher on a murder charge in December 1986. Attorney McWilliams joined the office of the United States Attorney for the Northern District of West Virginia on July 1, 1987 and was assigned to the United States Attorney's office in Elkin, which was located away from the ongoing investigation of the Hare Krishna Community that was in progress. All members of the United States' Staff, and all federal agencies were advised to avoid any contact or discussions with Attorney McWilliams about any aspect of the Hare Krishna investigation or any indictments or prosecutions arising therefrom. Attorney McWilliams was not privy to any information concerning the appellant's prosecution for arson. We find that an effective wall was erected between Attorney McWilliams and those members of the United States Attorney's office handling the present prosecution, and that the appellant was not in any way prejudiced by Attorney McWilliams move from a position as a state public defender to employment as an Assistant United States Attorney.
 
 
 3
 The indictment alleges an arson for profit scheme to defraud an insurance company of $40,000 by the burning of a building owned by the Hare Krishna Community. The evidence shows that the burned building contained two apartments. Each apartment was occupied by a family, and in lieu of rent, certain members of each family performed services for the Hare Krishna Community. The husband in one family worked in the Community warehouse and the wife worked in the Community school. In the other family the wife performed services as a nurse for the Community. The treasurer of the Community testified that the services of the family members to the Community were in lieu of rent.
 
 
 4
 Appellant contends that this rental property was not used in interstate commerce and did not affect interstate commerce. This argument is answered by Russell v. United States, 471 U.S. 858 (1985) in which the unanimous Court stated that Sec. 844(i) applied to an apartment building, and that it was the intent of Congress to protect all business property.
 
 
 5
 By its terms, however, the statute only applies to property that is "used" in an "activity" that affects commerce. The rental of real estate is unquestionably such an activity. We need not rely on the connection between the market for residential units and "the interstate movement of people", to recognize that the local rental of an apartment unit is merely an element of a much broader commercial market in rental properties. The congressional power to regulate the class of activities that constitute the rental market for real estate includes the power to regulate individual activity within that class.
 
 
 6
 Petitioner was renting his apartment building to tenants at the time he attempted to destroy it by fire. The property was therefore being used in an activity affecting commerce within the meaning of Sec. 844(i).
 
 
 7
 471 U.S. at 862 (footnotes omitted).
 
 
 8
 The parties agreed to submit this case on the briefs and without oral argument. The judgment is
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 844(i) states:
 Whoever maliciously damages or destroys or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not more than ten years or fined not more than $10,000
 * * *